[Civ. No. 25989. Second Dist., Div. Four. Sept. 24, 1962.]

CHARLES O. LEE, Plaintiff and Appellant, v. CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY, Defendant and Respondent.

_____

*Assigned by Chairman of Judicial Council.

Robert A. Von Esch, Jr., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, James W. Briggs and De Witt Clinton, Deputy County Counsel, for Defendant and Respondent.

BURKE, P. J.—Petitioner Charles O. Lee sought a writ of mandate in the superior court directed to the respondent Civil Service Commission of the County of Los Angeles commanding it to reinstate petitioner to his job of building specification writer. The petitioner appeals from a denial of such writ.

On March 1, 1961, petitioner was notified by letter of his discharge from the classified service of the County of Los Angeles. The notification contained the grounds for such discharge and advised petitioner that he had 10 business days from the date of the receipt of the letter to request a hearing before the civil service commission. On March 9, 1961, he was served with an addendum to the previous letter setting forth the grounds for his discharge in greater detail. On March 15 he was served with a lettergram advising him that he had 10 business days from the date of service thereof in which to request a hearing before the commission. On March 20, 1961, petitioner filed a letter with the commission requesting a hearing before it. On March 28, 1961, a hearing was held before Winston W. Crouch, duly appointed hearing officer of the civil service commission. Petitioner appeared at the hearing, being represented by Richard Brown of the Los Angeles County Employees' Association.

At the commencement of the hearing the deputy county counsel objected to the petitioner's being represented by Mr. Brown, who was not a member of the State Bar. The hearing officer overruled the objection and at the same time asked peti-

tioner whether or not he desired to be represented by Mr. Brown. At that time the petitioner stated he was willing to be represented by Mr. Brown. The hearing then proceeded. Counsel representing petitioner on this appeal asserts that the hearing was ''further conducted without error for purposes of consideration on this appeal.''

The hearing officer found that the facts presented were sufficient to warrant the discharge of petitioner. This finding was accepted by the commission and an order of discharge was filed April 11, 1961.

██ On appeal petitioner cannot be heard to complain that he was not represented by a duly licensed lawyer at the hearing. The fact that Mr. Brown was not a member of the State Bar was forcefully called to his attention, and that of the hearing officer, by the objection of the county counsel at the outset of the hearing. By his election to be so represented and to proceed with the hearing petitioner is foreclosed from raising such an issue thereafter on appeal.

██ Petitioner contends that he has been deprived of a fair trial for the reason that the addendum to his notice of discharge did not specify a notice of the time allowed for an answer thereto and for requesting a hearing before the commission. Petitioner acknowledges that the original letter of discharge did set forth the time for answer but that this letter was vague and indefinite and violative of procedural due process because it did not contain in detail the specifications of grounds for discharge.

Here the petitioner did file his answer with the commission on March 20, 1961, which was within the time allowed. He did not raise any claimed defect in the notice requirements under the civil service rules and there is no showing that any asserted defect in the notice requirements in any way prejudiced his rights. It should be recalled at this point that other than the claimed error of permitting a nonlicensed person to represent him the petitioner does not allege that there was any error by the hearing officer or the commission which was prejudicial to him. In fact, he asserts to the contrary that the hearing was conducted without error. Under these circumstances he can claim no prejudice.

The judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.